1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRENT COLBERT, JR., | No. 1:23-CV-01269-KES-CDB |
| Plaintiff, | ORDER DENYING MOTION TO REMAND |
| v. | Doc. 14 |
| GENERAL MOTORS, LLC, a limited liability company; and DOES 1 through 10, inclusive, | |
| Defendant. | |

Plaintiff Brent Colbert Jr. ("Colbert") moves to remand this action to Kern County Superior Court. Doc. 14 ("MTR"). Defendant General Motors LLC and DOES 1 through 10, inclusive ("GM"), filed an opposition. Doc. 16 ("Opp'n"). Colbert filed a reply. Doc. 18 ("Reply"). The Court took the motion under submission. Doc. 15. For the reasons set forth below, Colbert's motion is denied.

I.    **Background**

On October 3, 2023, Colbert brought this case in Kern County Superior Court alleging that GM violated various express and implied warranties in their sale of a 2018 Cadillac CT6 to

1

1  Colbert.  Doc. 1-1 ("Compl.").  Colbert alleges that following the purchase of the Cadillac, the car

2  exhibited various defects and malfunctions.  *Id.* ¶ 13.  GM attempted to repair the car, and despite

3  their representations that they were successful, the car continued to exhibit issues.  *Id.* ¶¶ 14–15.

4  The complaint asserts three causes of action under the Song-Bervely Consumer Warranty Act

5  ("Song-Bervely Act") and a fourth cause of action alleging violations of California Business &

6  Professions Code 17200.  *Id.* at 2.  Colbert seeks rescission of the purchase contract and

7  restitution, civil penalties in the amount of two times plaintiff's actual damages, and attorneys'

8  fees, among other relief.  *See id.* at 14.

9      GM removed the action to this Court on August 23, 2023, based on diversity jurisdiction.

10  Doc. 1 ("Notice of Removal").  In their notice of removal, GM asserted that this Court has subject

11  matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000

12  and the parties are completely diverse.  *Id.* at 3–6.  Colbert moves to remand the action to Kern

13  County Superior Court, arguing that GM's notice of removal failed to establish this Court's

14  jurisdiction.  MTR at 6.

15  **II.    Legal Standard**

16      **A.    Removal Jurisdiction**

17      A suit filed in state court may be removed to federal court if the federal court would have

18  had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Removal is proper when a case

19  originally filed in state court presents a federal question or where there is diversity of citizenship

20  among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331,

21  1332(a).

22      "If at any time before final judgment it appears that the district court lacks subject matter

23  jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Section 1447(c) "is strictly

24  construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to

25  the party invoking the statute."  *Acad. Of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1061

26  (9th Cir. 2021) (quoting *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004);

27  *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir.

28  2009) ("The defendant bears the burden of establishing that removal is proper.")).  As such, a

1    federal court must reject jurisdiction and remand the case to state court if there is any doubt as to

2    the right of removal.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir.

3    2003).  A "notice of removal 'need not contain evidentiary submissions,' but only plausible

4    allegations of the jurisdictional elements."  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922

5    (9th Cir. 2019) (quoting *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197–99 (9th Cir.

6    2015)).

7         **B.**     **Diversity Jurisdiction**

8         A court may exercise diversity jurisdiction over a matter when there is diversity of

9    citizenship among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C.

10    § 1332(a).

11         **i.**   **Diversity of Citizenship**

12         An action may be removed to federal court based on diversity jurisdiction only where

13    there is complete diversity of citizenship between the parties.  *Hunter v. Phillip Morris USA*, 582

14    F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. §§ 1332(a), 1441(b)).  For diversity purposes, a

15    person is a citizen of a state if he or she is: (1) a citizen of the United States and (2) domiciled in

16    that state.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  An LLC is a

17    citizen of the state of which its owners or members are citizens.  *Johnson v. Columbia Props.

18    Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  A corporation is a citizen of the state in which

19    it is incorporated and the state in which its principal place of business is located.  *See, e.g.*, *id.*

20    (citing 28 U.S.C. § 1332(c)(1)).  "In determining whether a civil action is removable on the basis

21    of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be

22    disregarded."  28 U.S.C. § 1441(b)(1).

23         **ii.**    **Amount in Controversy**

24         A notice of removal must include "a plausible allegation that the amount in controversy

25    exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81,

26    89 (2014).  The amount in controversy is calculated based upon "the complaint operative at the

27    time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is

28    victorious."  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018).  "The

1   amount in controversy is simply an estimate of the total amount in dispute, not a prospective

2   assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th

3   Cir. 2010) (citation omitted).

4        When the "plaintiff's state court complaint does not specify a particular amount of

5   damages, the removing [party] bears the burden of establishing, by a preponderance of the

6   evidence, that the amount in controversy exceeds" the threshold amount of $75,000. *Canela v.*

7   *Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020) (citation omitted).  Courts begin their

8   inquiry by looking at the complaint, but "the amount-in-controversy inquiry in the removal

9   context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115,

10  1117 (9th Cir. 2004) (citations omitted).  The court may also consider allegations in the removal

11  petition, "summary-judgment-type evidence relevant to the amount in controversy," and evidence

12  filed in opposition to the motion to remand.  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th

13  Cir. 2005) (citation omitted); *see also Lenau v. Bank of Am., N.A.*, 131 F. Supp. 3d 1003, 1005

14  (E.D. Cal. 2015) (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002) (per

15  curiam)).

16  **III.    Discussion**

17       The entirety of Colbert's motion to remand rests on the argument that GM's notice of

18  removal did not meet GM's evidentiary burden of establishing procedural and substantive

19  compliance with removal requirements.  *See generally* MTR.  Colbert offers no evidence to

20  challenge GM's compliance with any of the procedural or substantive removal requirements.

21  Therefore, the Court considers GM's proffered evidence to determine if, by a preponderance of

22  the evidence, GM has met its burden to establish removal jurisdiction.  *Dart Cherokee*, 574 U.S.

23  at 88.  The Court finds that GM has met such burden.

24       **A.    Procedural Compliance with 28 U.S.C. § 1446**

25       GM complied with all procedural removal requirements under 28 U.S.C. § 1446.  First, a

26  notice of removal must be filed within thirty days of the defendant receiving "a copy of the initial

27  pleading setting forth the claim for relief upon which such action or proceeding is based."  28

28  U.S.C. § 1446(b)(1).  GM attached a copy of the summons to the notice of removal.  Doc. 1-2.

1    The notice of service of process is dated August 8, 2023.  *Id.* at 9.  GM filed their notice of

2    removal on August 23, 2023, within thirty days of service.  Notice of Removal.  Therefore, GM's

3    removal was timely.

4          Second, when removing, a defendant must file in the district within which the state court

5    action was pending, "a short and plain statement of the grounds for removal, together with a copy

6    of all process, pleadings, and orders served upon such defendant."  28 U.S.C. § 1446(a).  Colbert

7    filed this action in Kern County Superior Court, located in the Eastern District of California.

8    Compl.  Therefore, GM removed to the proper district court.  Additionally, the notice of removal

9    adequately stated the grounds for removal and attached the required copies of process, pleadings,

10   and orders served.  *See generally* Notice of Removal.  Therefore, GM complied with § 1446(a).

11         Third, "[w]hen a civil action is removed solely under section 1441(a), all defendants who

12   have been properly joined and served must join in or consent to the removal of the action."  28

13   U.S.C. § 1446(b)(2)(A).  For the purposes of removal based on diversity, "many courts strictly

14   construe section 1441(b)(1) and disregard fictitious defendants." *Vasquez v. Walmart Inc.*, No.

15   1:23-cv-01142-JLT-BAM, 2024 WL 966076, at *5 (E.D. Cal. Mar. 6, 2024).  GM is the only

16   named defendant in the action and was therefore the only party required to consent to removal.

17         Therefore, GM has satisfied all procedural requirements for removal.

18         **B.      Substantive Compliance with 28 U.S.C. § 1441(a)**

19         GM has demonstrated that this Court has diversity jurisdiction over this case under 28

20   U.S.C. § 1441(a).  First, there is complete diversity between all named parties in this action.

21   Colbert alleges that he is "an individual residing in the City of Los Angeles, County of Los

22   Angeles, and the State of California."  Compl. ¶ 1.  GM is a Delaware entity with its principal

23   place of business in Michigan.  Notice of Removal ¶ 12; Doc. 16-3 ¶ 4–5.

24         Second, the amount-in-controversy exceeds the $75,000 threshold.  *See* 28 U.S.C. §

25   1332(a).  When the "plaintiff's state court complaint does not specify a particular amount of

26   damages, the removing [party] bears the burden of establishing, by a preponderance of the

27   evidence, that the amount in controversy exceeds" the threshold amount of $75,000.  *Canela v.*

28   *Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020) (citation omitted).  Colbert's

1  complaint does not specify a particular amount of damages.  However, GM adequately establishes

2  the threshold amount in its notice of removal, opposition to the motion to remand, and supporting

3  declarations.

4           Colbert seeks restitution of all monies expended in his purchase of the vehicle.  Compl. at

5  14.  According to the retail installment sale contract attached as an exhibit to GM's opposition,

6  Colbert purchased the car for a total sale price of $50,967.86.  Doc. 16-2 at 2; *Salazar v. Ford*

7  *Motor Co.*, No. 2:21-cv-06756-FLA, 2022 WL 16855563, at *2 (C.D. Cal. Nov. 10, 2022)

8  ("Where the record does not show whether a plaintiff has made all installment payments for the

9  amount financed, courts have found the total 'cash price' listed on a Retail Installment Sale

10 Contract is a reasonable estimate of the 'actual price paid or payable' for the vehicle.") (citations

11 omitted).  Pursuant to the Song-Beverly Act, Colbert also seeks two times the amount of his

12 actual damages.  Compl. ¶ 24.  This amount alone would exceed $100,000.  Finally, Colbert seeks

13 recovery of attorney's fees under the Song-Beverly Act.  Compl. ¶ 46; *see Salazar*, 2022 WL

14 16855563, at *4 (holding that when a statute or contract provides for recovery of attorney's fees,

15 "[they] are properly included in the court's assessment of the amount in controversy.") (citing

16 *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019)).  In their notice of

17 removal, GM attached a declaration by their attorney and referenced several judicial opinions

18 awarding more than $75,000 in attorney's fees in Song-Beverly Act cases.  Doc. 1-3 ¶ 5–6.

19         Therefore, GM has established by a preponderance of the evidence all requirements for

20 removal and that this Court has diversity jurisdiction over the action.

21 **IV.    Conclusion and Order**

22         Accordingly, the Court ORDERS:

23         1.      Colbert's motion to remand this action to state court, Doc. 14, is DENIED.

24

25

26 IT IS SO ORDERED.

27    Dated:    February 6, 2025                    _____

28                                                 UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28