UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRENT COLBERT, JR

Plaintiff,

v.

GENERAL MOTORS, LLC, a limited liability company; and DOES 1 through 10, inclusive,

Defendant.

No. 1:23-CV-01269-KES-CDB

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Doc. 7

This action concerns plaintiff Brent Colbert Jr.'s complaint against defendant General Motors LLC ("GM") for the alleged sale of a defective 2018 Cadillac CT6 in violation of California state law. On September 12, 2023, GM filed a motion to dismiss. Doc. 7. Colbert filed an opposition, Doc. 11, to which GM replied, Doc. 13. For the reasons set forth below, GM's motion is granted, and Colbert's fourth cause of action is dismissed with leave to amend.

## I. <u>Background</u>

On August 3, 2023, Colbert brought this case in Kern County Superior Court alleging that GM violated various express and implied warranties in its sale of a 2018 Cadillac CT6 to Colbert. Doc. 1-1 ("Compl."). Colbert alleges that following the purchase of the Cadillac, the car exhibited various defects and malfunctions. *Id.* ¶ 13. GM attempted to repair the car, and despite its representations that it was successful, the car continued to exhibit issues. *Id.* ¶¶ 14–15. The

complaint asserts three causes of action under the Song-Beverly Consumer Warranty Act ("Song-Beverly Act") and a fourth cause of action alleging violations of California Business & Professions Code 17200, known as California's Unfair Competition Law ("UCL"). *Id.* at 2. Colbert seeks rescission of the purchase contract and restitution, civil penalties in the amount of two times his actual damages, and attorneys' fees, among other relief. *See id.* at 14.

GM removed the action to this Court on August 23, 2023, based on diversity jurisdiction. Doc. 1 ("Notice of Removal").[1] On September 12, 2023, GM filed a motion to dismiss under Rule 12(b)(6), arguing that the portion of Colbert's fourth cause of action alleging a violation of the fraudulent prong of the UCL fails to state a claim upon which relief could be granted. Doc. 7.

## II. <u>Legal Standard</u>

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain facts that "nudge [the plaintiff's] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In determining whether a complaint states a claim on which relief may be granted, the Court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the Court need not assume the truth of legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 680. While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. A

[1] On February 7, 2025, the Court denied Colbert's motion to remand this action to state court. Doc. 31.

pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## III. <u>Discussion</u>

To state on a claim under the fraudulent prong of the UCL, Colbert must allege that GM's "fraudulent practices are ones in which 'members of the public are likely to be deceived.'" *NJOY, LLC v. Imiracle (HK) Ltd.*, 760 F. Supp. 3d 1084, 1116 (S.D. Cal. 2024) (quoting *Schnall v. Hertz Corp.*, 78 Cal. App. 4th 1144, 1167 (2000)). "Rule 9(b)'s heightened pleading standard applies to claims under the fraudulent prong of the UCL." *Id.* Under Rule 9(b), allegations of fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "[T]he circumstances constituting the alleged fraud [must] be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (quoting *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)); *see Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) ("To properly plead fraud with particularity under Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged.")

Colbert has failed to adequately allege the UCL fraudulent prong claim with the heightened specificity required under Rule 9(b). The complaint merely includes boilerplate and conclusory allegations of fraud. Colbert does not plead facts about "the who, when, how, and where with respect to misrepresentations about or concealment" of the vehicle defects. *Swearingen v. Gen. Motors, LLC*, No. 23-cv-04314-SI, 2023 WL 7348309, at *4 (N.D. Cal. Nov. 6, 2023). Nor does the complaint include allegations about the "specific content of the allegedly false representations, nor the identity of the GM employee(s) who made the allegedly

false statements." *Id.* In his opposition, Colbert does not address GM's arguments as to pleading sufficiency but rather seeks leave to amend his complaint to cure such deficiencies. Doc. 11.

Colbert's fraud claim also fails because he has not alleged a relationship giving rise to a duty to disclose. "[A] failure to disclose a fact one has no affirmative duty to disclose is [not] 'likely to deceive' anyone within the meaning of the UCL." *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 865 (9th Cir. 2018) (quoting *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 838 (2006); *see also Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1557 (2007) ("Absent a duty to disclose, the failure to do so does not support a claim under the fraudulent prong of the UCL."). A duty to disclose "arises only when the parties are in a relationship that gives rise to the duty, such as 'seller and buyer, employer and prospective employee, doctor and patient, or parties entering into any kind of contractual arrangement.'" *Epperson v. Gen. Motors, LLC*, 706 F. Supp. 3d 1031, 1044 (S.D. Cal. 2023) (quoting *Bigler-Engler v. Breg, Inc.*, 7 Cal. App. 5th 276, 311 (2017)). There must exist a "transaction" between the plaintiff and defendant and "[s]uch a transaction must necessarily arise from direct dealings between the plaintiff and the defendant; it cannot arise between the defendant and the public at large." *Bigler-Engler*, 7 Cal. App. 5th at 311–12.

Here, Colbert alleges that he purchased the Cadillac from an "authorized dealer," not from GM itself. Compl. ¶ 9; *see Epperson*, 706 F. Supp. 3d at 1044. While Colbert alleges that the "authorized dealer" was GM's "agent," Compl. ¶¶ 6, 9, Colbert fails to plead any facts to support such a conclusory assertion. *See Epperson*, 706 F. Supp. 3d at 1045; *Keegan v. Am. Honda Motor Co.*, 838 F. Supp. 2d 929, 953 (C.D. Cal. 2012) (finding plaintiffs' conclusory allegations that Honda's dealers are its agents are legal conclusions framed as factual allegations); *Friedman v. Mercedes Benz USA LLC*, No. cv-12-7204-GAF (CWx), 2013 WL 8336127, at *6 (C.D. Cal. June 12, 2013) ("Plaintiffs allege that [dealer], as an authorized Mercedes dealership, served as Mercedes' agent and representative . . . Plaintiffs have alleged no facts that . . . [dealer] in any respect serves as MBUSA's agent.") (internal citations omitted).

GM argues that, even if Colbert could amend his complaint to plead his fraudulent prong UCL claim with sufficient particularity and to show an agency relationship between GM and its

dealer, the claim fails as a matter of law because it is barred by the economic loss rule. Doc. 7 at 13–16. The Court disagrees. The economic loss rule states that a party to a contract cannot recover "purely economic loss" in tort "unless he can demonstrate harm above and beyond a broken contractual promise." *Rattagan v. Uber Techs., Inc.*, 19 F.4th 1188, 1191 (9th Cir. 2021) (internal citations omitted). The California Supreme Court has recognized an exception to the economic loss rule when "the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004). California courts and federal courts interpreting California law have found that fraudulent inducement is an exception to the economic loss rule. *Lewis v. Ford Motor Co.*, 655 F. Supp. 3d 996, 1002 (E.D. Cal. 2023) (collecting cases); *see also Dhital v. Nissan North Am., Inc.*, 84 Cal. App. 5th 828, 843 (2022) ("[W]e conclude that, under California law, the economic loss rule does not bar plaintiffs' claim here for fraudulent inducement by concealment."). Therefore, assuming Colbert could amend his complaint to sufficiently state a claim of fraud at the time he purchased the vehicle, the economic loss rule would not bar his relief.

Colbert requests leave to amend his complaint if the Court grants the motion. *See* Doc. 11 at 5–6. GM does not oppose the request. Doc. 13 at 2. When a court dismisses a complaint for failure to state a claim, it should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The "underlying purpose of Rule 15 [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (cleaned up). Leave to amend "should be granted with extreme liberality" and only be denied when "it is clear . . . that the complaint could not be saved by any amendment." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (internal citations omitted). The Court therefore grants Colbert leave to amend to replead his claim against GM for violation of the fraudulent prong of the UCL.

///

///

///

**IV. Conclusion and Order**

Based upon the foregoing, GM's motion to dismiss, Doc. 7, is granted, and the portion of Colbert's fourth cause of action asserting a violation of the fraudulent prong of the UCL is dismissed with leave to amend. Within fourteen (14) days from the date of this Order, Colbert may file a first amended complaint consistent with this Order, if he has a good faith basis for doing so. If a first amended complaint is filed by Colbert, GM shall file a responsive pleading thereto within fourteen (14) days of its filing.

IT IS SO ORDERED.

Dated: November 13, 2025

UNITED STATES DISTRICT JUDGE